UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE:                                   )
                                         )
IBCS Mining, Inc                         )          Case No. 14-61215
IBCS Mining, Inc., Kentucky Division     )          Case No. 14-61216
                                         )          Chapter 11
                 Debtor(s),              )

## MOTION TO CONVERT OR DISMISS

The United States Trustee for the Western District of Virginia respectfully moves

this Court for an Order converting these chapter 11 cases to cases pursuant to chapter 7,

or, in the alternative to dismiss these cases and in support thereof represents as follows:

Facts:

1.      The cases were commenced by the filing of voluntary petitions pursuant to

Chapter 11 of Title 11 of the United States Code on June 27, 2014.

2.      No trustee has been appointed in the cases.  The debtors have operated their

businesses as debtors in possession with the powers, rights and duties of a trustee

pursuant to 11 U.S.C. § 1107.

3.      The Debtor-in-Possession Orders entered by this Court on June 27, 2014 direct

that, among other things, the "[d]ebtor(s) shall follow all guidelines, regulations and

directives of the Office of the United States Trustee pertaining to Chapter 11 cases

including, but not limited to, payment of the required quarterly fees."

4.      At the initial debtor interview held on July 10, 2014, the debtors' representative

stated that neither debtor has insurance in force and that they are currently unable to

obtain insurance as required.

Law and Argument:

5.      Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), provides that the

court may for cause either convert a Chapter 11 case to a case under Chapter 7 or may

dismiss a case, depending upon which is in the best interest of creditors and the estate.

11 U.S.C. § 1112(b).

The Bankruptcy for the District of Delaware described the Court's discretion in

finding cause to grant a motion to convert or dismiss as follows:

> Courts have wide latitude in determining whether cause exists to convert
> or dismiss.  The section provides ten enumerated examples which
> constitute statutory cause.   However the court is not limited to the
> statutory examples and cause may be determined from the facts and
> circumstances of the case.  In the Matter of Nugelt, Inc., 142 B.R. 661,
> 665 (Bankr. D. Del. 1992) (citations omitted).

6.      This provision of the Bankruptcy Code describes a number of factors, any one of

which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter

7 case or the dismissal of a Chapter 11 case in its entirety.  See 11 U.S.C. §

1112(b)(4)(A)-(P), as amended, *Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005*, Pub. L. 109-8 ("BAPCPA").  The factors to be considered by the court

include, but are not limited to, the following circumstances:

(A)     substantial or continuing loss to or diminution of the estate and the
        absence of a reasonable likelihood of rehabilitation;

(B)     gross mismanagement of the estate;

(C)     failure to maintain appropriate insurance that poses a risk to the estate or
        to the public;

(D)     unauthorized use of cash collateral that is substantially harmful to 1 or
        more creditors;

(E)     failure to comply with an order of the court;

(F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G)     failure to attend the meeting of creditors convened under section 341(a) or any examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H)     failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I)     failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief ;

(J)     failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K)     failure to pay any fees or charges required under chapter 123 of title 128….

See 11 U.S.C. § 1112(b)(4).  The list contained in section 1112(b) is not "exhaustive."

See In re TCR of Denver, LLC,  338 B.R. 494, 500 (Bankr..D.Colo., 2006).

7.      Congress intended BAPCPA's changes to Section 1112(b) to "make it broader, more strict as to debtors, and more encompassing."  TCR of Denver, at 500.

8.      Under prior law, "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation" was sufficient cause for conversion or dismissal. See Johnston v. Jem Development Co. (In re Johnston), 149 B.R. 158, 162 (BA. P. 9th Cir. 1992) (dismissal granted where creditors' position was eroding and there was no reasonable likelihood of rehabilitation).  Under BAPCPA's more stringent requirements for chapter 11 debtors, this factor remains sufficient cause for dismissal or conversion.

9.      The debtors' failure to comply with the orders of this Court constitutes cause for dismissal.  See In re Robino, 243 B.R. 472, 485-86 (Bankr. N.D. Ala. 1999) ("one

consequence of the failure to file reports required by a Chapter 11 operating order may be dismissal or conversion"); <u>In re NuGelt, Inc.</u>, 142 B.R. 661, 667 (Bankr. D. Del. 1992) ("[I]ntentional violations of an order of this court constitutes cause under section 1112(b)").

10.     The debtors' failure to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause under 11 U.S.C. § 1112.

Wherefore, the United States Trustee prays that these cases be converted to one's under chapter 7, or, in the alternative to dismiss the cases, and that the Court grant such other and further relief as is just and proper.

July 15, 2014

Margaret K. Garber (VSB No. 34412)

Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
Margaret.k.garber@usdoj.gov
(540) 857-2806

Respectfully submitted
JUDY A. ROBBINS
United States Trustee for Region Four

By: /s/ Margaret K. Garber