**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re:<br><br>IBCS Mining, Inc., et al.[1]<br><br>Debtor. | Chapter 11<br>Case No. 14-61215<br>Jointly Administered |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO OBTAIN LIMITED POST-PETITION DATE FINANCING PURSUANT TO 11 U.S.C. §§ 105, 364(c)(1), AND 364(e); AND (II) SCHEDULING FINAL HEARING UNDER BANKRUPTCY RULE 4001**

Upon the motion (the "**Motion**") IBCS Mining, Inc., et al., as debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), by their proposed counsel, for entry of an order authorizing the Debtors to obtain limited post-Petition Date Financing pursuant to sections 105, 364(c), and 364(e) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the corresponding Local Rules for the United States Bankruptcy Court for the Western District of Virginia (the "**Local Rules**"), as more fully described in the Motion with such Limited Advance to be made on the following terms:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: IBCS Mining, Inc., (8425) and IBCS Mining, Inc., Kentucky Division (8711). The location of the Debtors' service address is 944 Glen Wood Station Lane, Suite 101, Charlottesville, Virginia 22901.

---

Robert S. Westermann (VSB No. 43294)
Rachel A. Greenleaf (VSB No. 83938)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail: rwestermann@hf-law.com
            rgreenleaf@hf-law.com

*Proposed Counsel for the Debtors*

| Interest Rate | 0.00% |
|---|---|
| Maturity Date | Matures upon funding of subsequently approved debtor-in-possession financing and is to be paid through any subsequently approved debtor-in-possession financing |
| Events of Default | None |
| Liens | None |
| Borrowing Limits | $25,000.00 |
| Borrowing Conditions | None |

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby **GRANTED ON AN INTERIM BASIS**.

2. All objections to the interim relief sought in the Motion, to the extent not withdrawn or otherwise resolved, are hereby **OVERRULED**.

3. The Debtors are hereby authorized, but not directed, to enter into Limited Advance on an interim basis and to the extent consistent with the terms of this Interim Order.

4. The Debtors are hereby authorized, but not directed, to borrow money and incur indebtedness up to an aggregate principal amount of twenty-five thousand dollars ($25,000) pursuant to the Limited Advance to pay for the immediate working capital needs of the Debtors until the Debtors are able to obtain a more extensive DIP financing facility.

5. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Upon entry of this Interim Order, the Limited Advance shall constitute and represent valid, binding, and non-avoidable obligations of each of the Debtors enforceable against each of the Debtors in accordance with the terms of this Interim Order for all purposes during these Chapter 11 Cases, any subsequently converted case of the Debtors under chapter 7 of the Bankruptcy Code or after the dismissal of these Chapter 11 Cases.  No obligation, payment, right, or transfer under the Limited Advance or this Interim Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable law (including without limitation, under sections 502(d), 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

7. Pursuant to section 364(c)(1) of the Bankruptcy Code, any amounts advanced to the Debtors under the Limited Advance shall constitute allowed administrative expense claims against the Debtors, and pursuant to section 364(c)(1) of the Bankruptcy Code shall have priority over any and all administrative expenses and all other claims against the Debtors, now existing

or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546, 726, 1113 or 1114 of the Bankruptcy Code (the "**Superpriority Claims**"), whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, which Superpriority Claims shall be payable from and have recourse to all pre- and post-petition property of the Debtors and all proceeds thereof, excluding avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code and proceeds thereof.

8.    If an order dismissing any of these Chapter 11 Cases under section 1112 of the Bankruptcy Code, or otherwise, is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (i) the Superpriority Claims granted pursuant to this Interim Order shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until all obligations under the Limited Advance shall have been indefeasibly paid and satisfied in full (and that such Superpriority Claims shall, notwithstanding such dismissal, remain binding on all parties in interest); and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing such Superpriority Claims referred to in clause (i) above.

9.    If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated, or stayed, such reversal, modification, vacation, or stay shall not affect the validity, priority, or enforceability of any obligations incurred under the Limited Advance. Notwithstanding any such reversal, stay, modification, or vacation, obligations, the CRO shall be

entitled to all the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code and this Interim Order.

10.     Except as expressly provided in this Interim Order, the Superpriority Claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting these Chapter 11 Cases to cases under chapter 7, dismissing these Chapter 11 Cases, or by any other act or omission; or (ii) the entry of an order confirming a plan of reorganization (or a plan of liquidation) in these Chapter 11 Cases. The terms and provisions of this Interim Order shall continue in these Chapter 11 Cases, in any successor cases, or in any superseding chapter 7 cases under the Bankruptcy Code. The Superpriority Claims and all other rights and remedies of the CRO granted by the provisions of this Interim Order shall continue in full force and effect until any and all such obligations incurred under the Limited Advance are indefeasibly paid and satisfied in full.

11.     This Interim Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution of effectiveness of this Interim Order.

12.     Objections to the entry of the Final Order shall be in writing and shall be filed with the Clerk of this Court, on or before 4:00 p.m. (prevailing Eastern time) on the date that is five (5) business days prior to the Final Hearing, with a copy served upon proposed counsel to the Debtors.

13.     The Final Hearing is scheduled for August 20, 2014 at 11:00 a.m. (Eastern) before this Court.

Dated: July 18, 2014

_Rebecca B Connelly_
United States Bankruptcy Judge

Entered on Docket:

We ask for this:

  /s/  Robert S. Westermann
Robert S. Westermann (VSB No. 43294)
Rachel A. Greenleaf (VSB No. 83938)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:   (804) 644-0957
E-mail: rwestermann@hf-law.com
            rgreenleaf@hf-law.com
*Proposed Counsel for the Debtors*


Seen and not objected to:

  /s/ W. Joel Charboneau                        (signature authorized)
Margaret K. Garber (VSB No. 34412)
W. Joel Charboneau (VSB No. 68025)
Office of the United States Trustee
First Campbell Square Building
210 First Street, S.E., Suite 505
Roanoke, Virginia 24011
*Assistant U.S. Trustee*