## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| In re: | **Chapter 11** |
| **IBCS Mining, Inc.,** *et al.*, | **Case No. 14-61215** |
| | **(Jointly Administered)** |
| Debtors. | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND SOFAS

**General**

IBCS Mining, Inc. ("**IBCS**") and its direct subsidiary IBCS Mining, In., Kentucky Division ("**IBCS KY**" and together with IBCS, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**") in the United States Bankruptcy Court for the Western District of Virginia (the "**Bankruptcy Court**"). The Debtors prepared the Schedules and SOFAs pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Schedules and SOFAs are unaudited. Although management has made reasonable efforts to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of the preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may exist in the Schedules and SOFAs. Moreover, because the Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and SOFAs are wholly accurate and complete. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights of the Debtors, specifically including the Debtors' right to amend these Schedules and SOFAs and any rights with respect to any issues relating to substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. These Global Notes and Statement of Limitations, Methods, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs.

**Description of the Cases and "As of" Information Date**

On June 27, 2014 (the "**Petition Date**"), the Debtors each filed a voluntary petition in the Bankruptcy Court for reorganization under chapter 11 of the Bankruptcy Code. The cases have been consolidated solely for the purpose of joint administration under case number 14-61215. Each Debtor's fiscal year ends on December 31. All asset information contained in the Schedules and SOFAs, except where otherwise noted, is as of June 30, 2014. The liability information, except where otherwise noted, is as of the close of business on the Petition Date of each respective Debtor, as appropriate.

**Basis of Presentation**

For financial reporting purposes, IBCS prepares consolidated financial statements.  Unlike the consolidated financial statements, these Schedules and SOFAs, except as indicated herein, reflect the assets and liabilities of each Debtor, including intercompany accounts, which would be eliminated in IBCS's consolidated financial statements.  Accordingly, combining the assets and claims set forth in the Schedules and SOFAs of the Debtors would result in amounts that would be substantially different from financial information for IBCS. Therefore, these Schedules and SOFAs do not purport to represent financial statements prepared in accordance with GAAP.

**Confidentiality**

There are instances within the Schedules and SOFAs where names, addresses, or amounts have been left blank.  Due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

**Amendment**

Although reasonable efforts were made to file complete and accurate Schedules and SOFAs, inadvertent errors and omissions may exist. The Debtors reserve the right to amend and/or supplement their Schedules and SOFAs from time to time as they deem necessary or appropriate, but are under no obligation to do so.

**Recharacterization**

The Debtors have made reasonable efforts to characterize, classify, categorize, or designate correctly the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. However, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time either in amendments to the Schedules and SOFAs or in another appropriate filing as necessary or appropriate.

**Totals**

All totals that are included in the Schedules and SOFAs represent totals of all the known amounts included on the Schedules and SOFAs.

**Undetermined Amounts**

The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**Exclusions**

The Debtors have excluded certain categories of assets and liabilities from the Schedules and SOFAs such as: goodwill and certain other intangible assets; accrued liabilities including, but not limited to, accrued salaries and employee benefits, tax accruals, other accrued liabilities, asset retirement obligations, and

assets with a net book value of zero. Other non-material assets and liabilities may have also been excluded.

**Foreign Currency**

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Current Market Value of Assets**

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Schedules and SOFAs reflect net book values for assets as of June 30, 2014. Amounts ultimately realized may vary from net book value, and such variance may be material. The asset amounts listed do not include material write-downs that may be necessary. Operating cash is presented as bank balances as of the Petition Date.  Certain other assets such as investments in subsidiaries and other intangible assets are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

**Intercompany Accounts**

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany account balances. The intercompany account balances, if any, that are reflected on the Debtors' book and records, are set forth in the respective Debtor's Schedule B and Schedule F. The listing of these amounts is not and shall not be construed as an admission of the characterization of such balance, as debt, equity, or otherwise, and is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to recharacterize, reprioritize, reclassify, recategorize, or redesignate intercompany accounts reported in the Schedules and SOFAs.

**Accounts Receivable**

For confidentiality reasons, the Debtors have not listed individual customer accounts receivable information. Accounts receivable information for each Debtor has been listed net of reserves as of June 30, 2014.

**Inventories; Property and Equipment**

Inventories consist of materials, supplies, and coal inventory. These inventories are valued at average cost and first in, first out for materials and supplies. Coal inventory costs include labor, supplies, equipment, operating overhead, and other related costs. Property, plant, equipment, and mine development are recorded at cost or at fair value at the date of acquisition in the case of acquired businesses, and are presented net of accumulated depreciation. Machinery and equipment includes trucks, dozers, and other vehicles used in mining of coal.  All inventories, as well as all property and equipment, are presented without consideration of any statutory or consensual liens.

**Coal Reserves**

The Debtors control two coal resources: seam coal and waste coal, both located in Pike County, Kentucky. The Debtors are unable to estimate the amount or the value of the seam coal. The Debtors estimate that they own at least 5.2 million tons of waste coal, also called gob coal, as of June 30, 2014. The aggregate book value of the waste coal in its current, unprocessed form is estimated to be $26 million

as of June 30, 2014. The Debtors have not analyzed the current market value of their owned coal reserves. Except where otherwise noted, the Debtors have reported the book value of all owned pieces of real property, including coal reserves, in Schedule A. Although not required, because leased coal reserves represent such a significant asset of the Debtors, the Debtors have also included the book value of coal reserves in Schedule A. Inclusion of the coal reserves on Schedule A is not an admission that the coal reserves constitute real, rather than personal, property.

## Other Leases

The Debtors lease equipment and facilities under various operating lease agreements. These operating leases are carried by the Debtors at a zero book value. These equipment and facilities leases are reported on Schedule G of each applicable Debtor, and to the extent that there was an amount outstanding under any of these leases as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule D or Schedule F, as appropriate, of each applicable Debtor.

## Contingent Assets

The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws that are not listed as assets in their Schedules and SOFAs. The Debtors reserve all of their rights with respect to any claims and causes of action, whether arising under the Bankruptcy Code or otherwise, that they may have or will have, and nothing contained in these Global Notes or the Schedules and SOFAs shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtors and non-Debtors) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from, among other things: (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, (vi) tax sharing agreements, and (vii) warranties. The Debtors reserve their rights to supplement the Schedules and SOFAs for these items at a later date. Additionally, prior to the relevant Petition Date, each Debtor, as a plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to item 4(a) in each SOFA, for lawsuits commenced prior to the Petition Date in which the relevant Debtor was a plaintiff.

## Guaranties and Other Secondary Liability Claims

The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, the "**Guaranties**") in each of the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim, whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and SOFAs,

including in any future amendments to the Schedules and SOFAs, shall not affect the enforceability of any Guaranties not listed.

**Classifications**

Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E as "unsecured priority," or (iii) on Schedule F as "unsecured nonpriority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by a Debtor of the legal rights of the claimant or a waiver of any of Debtors' right to recharacterize or reclassify such claim or contract. The Debtors reserve the right to amend the Schedules and SOFAs and to recharacterize or reclassify any such contract or claim whether by amending the Schedules and SOFAs or in another appropriate filing.

**Disputed, Contingent, and/or Unliquidated Claims**

Schedules D, E, and F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on the Debtors' Schedules as "disputed," "contingent," and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," and/or "unliquidated" or that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability, or classification or to otherwise subsequently designate any claim as "disputed," "contingent," and/or "unliquidated," whether by amending the Schedules and SOFAs or in another appropriate filing. Listing a claim does not constitute an admission by the Debtors of the claimant's legal rights or a waiver of the Debtors' right to recharacterize or reclassify the claim or contract. Additionally, the Debtors reserve their rights to object to any listed claims on the grounds that, among other things, the claim has already been satisfied.

**Schedule A - Real Property**

The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim. Except where otherwise noted, the Debtors have included the book value of owned real property assets, including owned coal reserves, held by each Debtor on Schedule A. Although not required, because leased coal reserves represent such a significant asset of the Debtors, the Debtors have also included the book value of leased coal reserves in Schedule A. The Bankruptcy Court granted security interests in and liens upon, among other things, the Debtors' real property for the benefit of the lenders providing the DIP Facility (as defined below). The Debtors are continuing their review of all relevant documents and reserve the right to amend all Schedules at a later time as necessary, or otherwise recharacterize their interests in such real property at a later date. Further, due to the volume of the Debtors' real and personal property holdings, the Debtors may have listed certain assets as real property when such holdings are in fact in the nature of personal property holdings, or the Debtors may have listed certain assets as personal property assets when such holdings are in fact real property holdings. The Debtors reserve all of their rights to re-categorize and/or recharacterize such asset holdings at a later time to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B - Personal Property**

The Debtors reserve their right to amend the values attributed to the assets recorded on Schedule B as necessary. Assets recorded as negative net payables or other prepayments are representative of credits owed from customers or third parties. Further, as stated above, due to the volume of Debtors' real and personal property holdings, the Debtors may have listed certain assets as real property assets when such

assets are in fact in the nature of personal property, or the Debtors may have listed personal property assets when such holdings are in fact real property. Some inventory is held and maintained at third party terminals. The Debtors reserve their right to recategorize and/or recharacterize such asset holdings at a later time to the extent the Debtors determine that such holdings were improperly reported. Certain of the Debtors' machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations and may not be listed on Schedule B.

## Schedule D - Creditors Holding Secured Claims

Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve their right to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including any intercompany agreement) related to such creditor's claim. In certain circumstances, a Debtor may be a co-obligor or guarantor with respect to the scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.  The Debtors have obtained post-petition financing (the "**DIP Loan**") consisting of a $1.5 million term loan secured by a first lien on all assets (other than certain equipment in which certain pre-petition secured lenders have purchase money security interests) of the Debtors.  The Debtors used a portion of the proceeds from the DIP Loan, among other things, (i) to fund the operational and working capital needs of the Debtors and (ii) pay fees, costs and expenses incurred by the Debtors in connection with their Chapter 11 cases.

## Schedule E - Creditors Holding Unsecured Priority Claims

All claims listed on the Debtors' Schedule E are claims owed to various taxing authorities. However, certain of the tax claims may be subject to ongoing audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E. Therefore, the Debtors have listed all such claims as undetermined in amount, pending final resolution of on-going audits or outstanding issues. In addition, there may be other numerous contingent, unliquidated claims from state taxing authorities, not all of which are listed. The Debtors reserve the right to liquidate and pay prepetition and post-petition tax claims as outlined in the Taxes and Fees Motion. Except for a few individuals that may be entitled to unsecured priority claims earned in the 180 day period prior to the Petition Date, the Debtors believe that most of the employee claims entitled to priority under the Bankruptcy Code were or will be paid pursuant to certain first day orders that authorized the payment of such claims. Accordingly, only employee-related claims by and against the Debtors for prepetition amounts due that have not been paid as of the time that the Schedules and SOFAs were prepared by the

Debtors, including employee-related claims for items not authorized to be paid by order of the Bankruptcy Court, have been included in Schedules E or F for each Debtor, if applicable.

## Schedule F - Creditors Holding Unsecured Non-Priority Claims

The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records. The claims of individual creditors for among other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs. The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date. Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined. However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule F for that Debtor.

## Schedule G - Unexpired Leases and Executory Contracts

The businesses of the Debtors are complex. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts for each of the Debtors and reasonable efforts have been made to ensure the accuracy of the Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. Due to the volume of the Debtors' portfolio of contracts and leases, all documents entitled "lease" or "contract" have been included on Schedule G. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors have included certain interests in real property such as easements, rights of way, and other similar interests on Schedule G. The Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by either of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In such cases, the Debtors made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease. Certain of the executory contracts may not have been memorialized and could be subject to dispute. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals, and partial releases. Executory contracts that are oral in nature, if any, have not been included on Schedule G. Schedule G does not constitute an admission that any such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

**Schedule H - Co-Debtors**

In the ordinary course of their business, the Debtors are involved in pending litigation and claims arising out of certain ordinary business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims and counter-claims against other parties. Due to the volume of such claims, and because all such claims are contingent, disputed, and unliquidated, and listed elsewhere in the Schedules and SOFAs, such claims have not been set forth individually on Schedule H.  Schedule H reflects Guaranties by either Debtor of obligations of related affiliates. The Debtors may not have identified certain Guaranties that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Certain of the Guaranties reflected on Schedule H may have expired or no longer be enforceable. Thus, the Debtors reserve their rights to amend the Schedules to the extent that additional Guaranties are identified or such Guaranties are discovered to have expired or are unenforceable, or to contest the validity or enforceability of the Guaranties in another filing.

**Claims of Third-Party Related Entities**

Although the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and SOFAs shall similarly be considered as disputed, whether or not they are designated as such.

**Umbrella Agreements**

A number of contracts listed in the Schedules and SOFAs are umbrella agreements that cover either of the Debtors. Such agreements have been listed in the Schedules and SOFAs of the Debtor that was the main signatory to the agreement, although more than one of the Debtors may be obligated under the agreement.

**Effect of Payments Made Pursuant to "First Day" Orders on Scheduled Claim Amount**

The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims including certain payments to employees, critical vendors, foreign vendors, lien holders. and taxing authorities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any postpetition payments made on account of such claims pursuant to the authority granted to the Debtors by the Bankruptcy Court. Thus, Schedule F generally does not include prepetition liabilities that have been paid under these first day orders. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Reservation of Rights**

The Debtors have used reasonable efforts to ensure accuracy in attributing the information listed in the Schedules and SOFAs to the correct Debtor; however, subsequent information or discovery may result in material changes to the Schedules and SOFAs and inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement their Schedules and SOFAs. Listing a claim or a contract with a particular Debtor does not constitute an admission by such Debtor of the legal rights of the claimant, or a waiver of the Debtors' right to disclaim such claim or contract as attributable to such Debtor. The Debtors reserve the right to amend the Schedules and SOFAs, and to relist any contract or claim with another Debtor and/or to remove such contract or claim from the Schedules and SOFAs whether by amending the Schedules and SOFAs or in another appropriate filing.

**SOFAs Item 3(b) – 90 Day Payments**

The dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date. In general, disbursements are made by IBCS and recorded to the proper entity with the liability through intercompany journal entries. For the purpose of this schedule, all of these payments are recorded on IBCS's SOFA Item 3(b) except where otherwise noted in the response of a particular Debtor to SOFA Item 3(b). In addition to the payments disclosed in response to this Item, the Debtors periodically replenish "petty cash" working accounts held locally by some entities. Disbursements from these working accounts, held by various Debtors, to third party payees are included in this Item but the intercompany replenishment transactions are not.  The Debtors process their own payroll and the related payments to employees have not been included.

**SOFAs Item 4 - Litigation**

There are several pending litigation matters that are believed to have potential recoveries. The actual amount of these litigation matters is contingent on the outcome of the cases. The Debtors routinely participate in administrative actions and appeals with state agencies regarding permits in the ordinary course of their business and they have identified those administrative actions that were pending within one year of the Petition Date. In addition, pending litigation matters, not including any administrative actions and appeals that are responsive to both Items 4 and 17 are identified in responses to Item 17.

**SOFAs Item 13 – Set-Offs**

The Debtors routinely incur set-offs during the ordinary course of business. Set-offs in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, and other transaction true-ups. These normal set-offs are consistent with the ordinary course of business in the Debtors' industry and can be particularly

voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs. Therefore, normal set-offs are excluded from the Debtors' responses to Item 13 of the SOFAs except where otherwise noted in the response of a particular Debtor to SOFA Item 13.

**SOFAs Item 17 - Environmental Information**

The Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many proceedings as reasonably possible. The Debtors may supplement or amend this response in the future. Due to the number of potentially responsive matters, the practical burdens in compiling information on inactive matters and the presumably lower relevance of information on inactive matters, information is presented only for matters that have been active within the last few years and that the Debtors do not consider to be closed. When some requested categories of information were not reasonably available for a listed "proceeding," the Debtors' response gives as much information as was reasonably available. When a site is the subject of a proceeding, settlement or order listed in the response to Item 17(c), the site and notices related to it are not also listed in the responses to Item 17(a) or 17(b). Similarly, sites that are listed in the response to Item 17(a) (sites for which the Debtors have received notice from a governmental unit) are not repeated in response to Item 17(b) (sites for which the Debtors have provided notice to a governmental unit). To avoid duplication, notices are not listed to the extent they refer to another notice or proceeding already identified in 17(a), (b) or (c). This response does not include sites or proceedings related to non-environmental laws such as occupational safety and health laws or transportation laws. The Debtors make routine reports and submissions concerning discharges resulting from normal operations consistent with regulatory requirements. This response is limited to those reports and submissions that identify uncontrolled releases and hazardous materials and does not purport to identify all routine reports and submissions.

# UNITED STATES BANKRUPTCY COURT

## Western District of Virginia

In re:  IBCS MINING, INC.                                    Case No.    14-61215

_____
                        Debtor                              Chapter      11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 4 | $6,914,815.70 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 4 | | $4,158,205.40 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $13,505.43 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 11 | | $3,107,446.68 | |
| G - Executory Contracts and Unexpired Leases | YES | 6 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 32 | $6,914,815.70 | $7,279,157.51 | |

In re:   IBCS MINING, INC.                                          Case No.    14-61215
_____                          _____
                        Debtor                                              (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

In re:  IBCS MINING, INC.                                             Case No.   14-61215
_____                          _____
                    Debtor                                                   (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | FIRST CITIZENS BANK OPERATING ACCOUNT 9937 BALANCE AS OF 6/27/14 | | $129.10 |
| | | FIRST CITIZENS BANK ESCROW ACCOUNT 9945 BALANCE AS OF 6/27/14 | | $37.41 |
| | | BB&T CHECKING ACCOUNT 7892 BALANCE AS OF 6/27/14 | | $0.47 |
| | | FIRST CITIZENS BANK PAYROLL ACCOUNT 9953 BALANCE AS OF 6/27/14 | | ($527.28) |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | | DEPOSIT FOR PERFORMANCE BONDS (AS OF 6/27/14) LEXON INSURANCE COMPANY 1919 S. HIGHLAND AVENUE BUILDING A - SUITE 300 LOMBARD, IL  60148-4979 | | $600,000.00 |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |

In re:  IBCS MINING, INC.                                        Case No.    14-61215

                            Debtor                                                 (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | IBCS MINING, INC., KENTUCKY DIVISION (100% OWNERSHIP INTEREST) | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |

In re:   IBCS MINING, INC.                                                      Case No.   14-61215
                                      Debtor                                                                  (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES.  GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |

Schedule of Personal Property -
Sheet no. 3 of 4

In re:  IBCS MINING, INC.                    Case No.    14-61215
                   Debtor                                           (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | | PRINTER/SCANNER/COMPUTER | | $500.00 |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | | PROPERTY AND EQUIPMENT (PURCHASE PRICE) SEE ATTACHED EXHIBIT B29 | | $6,214,255.00 |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | | RECLAMATION BOND (AS OF 9/30/13) | | $100,421.00 |

                                     Total     $6,914,815.70

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**Exhibit B29**\*

| | |
|---|---|
| 001 GORMAN PUMP 6" MDL 16C2-F4L S# 1425103 | $        24,500.00 |
| 002 2012 POWERSCREEN TRACK WARRIER 1800 S# PID00123VDGB93687 | $      257,000.00 |
| 003 POWERSCREEN RINSER COMMANDER 1400 S# PIDD00135J83D03034 | $      185,000.00 |
| 004 POWERSCREEN SAND RECOVERY UNIT FINESMASTER 120 MOBILE S# 18501144 | $      195,000.00 |
| 005 POWERSCREEN WASHER POWERSCRUB 120R S# 81 K74K02001 | $        92,500.00 |
| 006 POWERSCREEN CONVEYOR T4026 S# S40260550 | $        14,500.00 |
| 007 TELESTACK CONVEYOR TC-421 S# 1705240312 | $      115,495.00 |
| 008 POWERSCREEN CONVEYOR M95 S# 7436268 | $        91,500.00 |
| 009 2012 JOHN DEERE DUMP TRUCK 400D S# 1DW400DXEBD641266 | $      494,380.00 |
| 010 2012 JOHN DEERE DUMP TRUCK 400D S# 1DW400DXEBD641149 | $      494,380.00 |
| 011 2012 JOHN DEERE WHEEL LOADER 844K S# 1DW844KXACD643290 | $      398,000.00 |
| 012 2012 JOHN DEERE WHEEL LOADER 844K | $      398,000.00 |
| 013 2012 JOHN DEERE CRAWLER DOZER 850K S# H0820KXACE220104 | $      354,000.00 |
| 014 2011 HITACHI EXCAVATOR 350LC S# 1FFDDC70LBE930049 | $      268,800.00 |
| 015 2011 HITACH EXCAVATOR 350LC S# 1FFDDC70KBE930044 | $      268,600.00 |
| 016 2012 JOHN DEERE WHEEL LOADER 724K S# 1DW724KZLCE643191 | $      252,000.00 |
| 017 JOHN DEERE WHEEL LOADER 724K S# 1DW724KZKCE643703 | $      252,000.00 |
| 018 JOHN DEERE WHEEL LOADER 724K S# 1DW724KZKEE643517 | $      252,000.00 |
| 019 MCCLOSKEY SCREENER R-155 S# 80243 | $      258,000.00 |
| 020 MCCLOSKEY SCREENER R-155 S# 81019 | $      295,000.00 |
| 021 2009 MAGNUM TRASH PUMP 6" TRAILER MOUNTED MTP S# 6000D | $        20,117.00 |
| 022 2012 MCCLOSKEY 36X80 TRACK STACKER S# 80950 | $      110,000.00 |
| 023 CATERPILLAR GENERATOR MDL XQ75 S# PAPF01424 | $        11,604.00 |
| 024 2013 MCCLOSEKY; SCREENING PLANT R-155 S# 81340 | $      295,000.00 |
| 025 2013 JOHN DEERE SKID STEER LOADER MDL 328D S# H0328DKTCD232219 | $        52,380.00 |
| 026 2013 JOHN DEERE SWEEPER/ROTARY BROOM MDL BA84 S# HBOA84CXBOO0175 | $          7,404.00 |
| 027 36X80 TRACK STACKER; MCCLOSKEY S# 81202 | $      110,000.00 |

| | |
|---|---|
| 028 TC-421 TELESTACK CONVEYOR W/MAGNET S# 17-0203-0111 | $   115,495.00 |
| 029 JOHN DEERE DOZER/MDL 850K | $   368,000.00 |
| 030 2004 MAGNUM 4000 WAN DIESEL LIGHT TOWER MDL MLT3060 S# 46409 | $   4,200.00 |
| 031 2010 TEREX 4000 WAN DIESEL LIGHT TOWER MDL RL4000 S# RL41 0-3416 | $   4,700.00 |
| 032 2010 TEREX 4000 WAN DIESEL LIGHT TOWER MDL RL4000 S# RL410-300B | $   4,700.00 |
| 033 SULLAIR PORTABLE DIESEL POWERED AIR | $   150,000.00 |
| **TOTAL** | **$   6,214,255.00** |

*The property and equipment is listed on the Schedule of Assets and Liabilities of both IBCS Mining, Inc. (14-61215) and IBCS Mining, Inc., Kentucky Division (14-61216) (the "Debtors") as some equipment may be owned by either Debtor.   The Debtors are in the process of determining the ownership of the property and equipment.

In re:  IBCS MINING, INC.                                                                    Case No.    14-61215
                                      Debtor                                                                         (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>1ST SOURCE BANK<br>100 N. MICHIGAN STREET<br>SOUTH BEND, IN  46601 | | | UCC LIEN - EQUIPMENT FILE NUMBER 22033043 FILE NUMBER 22032698<br><br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 1 of 4

                                                                              Subtotal
                                                              (Total of this page)          $0.00              $0.00

In re:  IBCS MINING, INC.                                                Case No.    14-61215
_____    _____
                          Debtor                                                          (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ATLAS COPCO CUSTOMER FINANCE USA LLC<br>7 CAMPUS DRIVE<br>SUITE 200<br>PARSIPPANY, NJ  07054 | | | UCC LIEN - EQUIPMENT<br>FILE NUMBER 30086331<br><br>VALUE: | X | X | X | $26,014.46 | UNKNOWN |
| ACCOUNT NO.<br><br>BEACON EQUIPMENT LEASING, LLC<br>ATTN: BETTY SMITH, CHIEF FINANCIAL OFFICER<br>715 INDENNER DRIVE<br>KERNERSVILLE, NC  27284 | | | UCC LIEN - EQUIPMENT<br>FILE NUMBER 21737289<br>FILE NUMBER 21737701<br><br>VALUE: | X | X | X | $14,703.23 | UNKNOWN |
| ACCOUNT NO.<br><br>BRANCH BANKING & TRUST COMPANY<br>150 FAYETTEVILLE ST.<br>BOX 1011<br>RALEIGH, NC  27601 | | | UCC LIEN - FINANCING STATEMENT<br>FILE NUMBER 19-317<br><br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>BRANCH BANKING & TRUST COMPANY<br>1425 SEMINOLE TRL<br>CHARLOTTESVILLE, VA  22901 | | | UCC LIEN - FINANCING STATEMENT<br>FILE NUMBER 31209502<br>FILE NUMBER 2013263117692<br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>JAMES RIVER EQUIPMENT VIRGINIA, LLC<br>11047 LEADBETTER RD<br>ASHLAND, VA  23005-0000 | | | UCC LIEN - EQUIPMENT<br>MULTIPLE FILE NUMBERS<br><br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims - Sheet no. 2 of 4

Subtotal (Total of this page)   $40,717.69   $0.00

In re:  IBCS MINING, INC.                                           Case No.   14-61215
_____                                    _____
                 Debtor                                                 (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>JOHN DEERE FINANCIAL<br>P.O. BOX 4450<br>CAROL STREAM, IL  60197-4450 | | | UCC LIEN - COAL AGREEMENT AND EQUIP<br>ACCT NUMBER 510000810132<br><br>VALUE: | X | X | X | $721,139.16 | UNKNOWN |
| ACCOUNT NO.<br><br>JOHN DEERE FINANCIAL<br>P.O. BOX 4450<br>CAROL STREAM, IL  60197-4450 | | | UCC LIEN - COAL AGREEMENT AND EQUIP<br>ACCT NUMBER 47835<br><br>VALUE: | X | X | X | $2,957,554.00 | UNKNOWN |
| ACCOUNT NO.<br><br>NORSHIELD SECURITY PRODUCTS, LLC<br>3224 MOBILE HIGHWAY<br>MONTGOMERY, AL  36108 | | | UCC LIEN - BOND/COAL VALUE<br>FILE NUMBER 24385235<br>FILE NUMBER 2012261026517<br><br>VALUE: | X | X | X | $290,582.05 | UNKNOWN |
| ACCOUNT NO.<br><br>PEOPLE'S UNITED EQUIPMENT FINANCE CORP.<br>ATTN: JULIE A. JONES, ASST. VICE PRESIDENT<br>1300 POST OAK BLVD<br>STE 1300<br>HOUSTON, TX  77056 | | | UCC LIEN - EQUIPMENT<br>FILE NUMBER 32963065<br>FILE NUMBER 31173799<br><br><br>VALUE: | X | X | X | $148,212.50 | UNKNOWN |
| ACCOUNT NO.<br><br>VIRGINIA COMMUNITY BANK<br>114 INDUSTRIAL DRIVE<br>P.O. BOX 888<br>LOUISA, VA  23093 | | | UCC LIEN - FINANCING STATEMENT<br>FILE NUMBER 2013266168924<br>FILE NUMBER 13011538251<br><br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 3 of 4

Subtotal
(Total of this page)     $4,117,487.71          $0.00

In re:  IBCS MINING, INC.                                      Case No.   14-61215
                        Debtor                                              (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WELLS FARGO BANK NORTHWEST, N.A., AS INDENTURE TRUSTEE<br>MACX: U 1228<br>299 SOUTH MAIN STREET<br>12TH FLOOR<br>SALT LAKE CITY, UT  84111 | | | UCC LIEN - COAL<br>FILE NUMBER 2009239584921<br><br><br>VALUE: | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 4 of 4

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | $0.00 | $0.00 |
| Total<br>(Use only on last page) | $4,158,205.40 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re:  IBCS MINING, INC.                                          Case No.   14-61215
_____                               _____
                    Debtor                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

In re:  **IBCS MINING, INC.**                                                      Case No.    14-61215
_____                                    _____
Debtor                                                                    (if known)

☑    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).


☐    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).


☐    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).


☑    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).


☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re:  **IBCS MINING, INC.**               Case No.    14-61215

                  Debtor                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CONNIE SOULEYRETTE<br>393 BAYBERRY WAY<br>CHARLOTTESVILLE, VA  22911 | | | EMPLOYEE ACCRUED VACATION | | X | | $3,086.05 | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>DELAWARE DIVISION OF REVENUE<br>ATTN:  PATRICK T. CARTER, DIRECTOR<br>DIVISION OF REVENUE, 820 FRENCH STREET<br>WILMINGTON, DE  19801 | | | TAXING AUTHORITY | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>P.O. BOX 21126<br>PHILADELPHIA, PA  19114-0326 | | | TAXING AUTHORITY | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>JOHN OSTERBERG<br>2415 WINFIELD DRIVE<br>KISSIMMEE, FL  34743 | | | EMPLOYEE ACCRUED VACATION | | X | | $6,345.00 | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>KENTUCKY DEPARTMENT OF REVENUE<br>C/O THOMAS B. MILLER, COMMISSIONER<br>501 HIGH ST<br>FRANKFORT, KY  40601-2103 | | | TAXING AUTHORITY | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>KEVIN SOULEYRETTE<br>393 BAYBERRY WAY<br>CHARLOTTESVILLE, VA  22911 | | | EMPLOYEE ACCRUED VACATION AND EXPENSES REIMBURSED | | X | | $3,173.07 | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 3 of 4

                                      Subtotal<br>(Totals of this page)     $12,604.12     $0.00     $0.00

In re:  IBCS MINING, INC. _____    Case No.  __14-61215__
                            Debtor                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>PIKE COUNTY SHERIFF<br>P.O. BOX 839<br>PIKEVILLE, KY  41502 | | | TAXING AUTHORITY | | | | $901.31 | $901.31 | UNKNOWN |
| ACCOUNT NO.<br><br>VIRGINIA DEPARTMENT OF TAXATION<br>C/O CRAIG BURNS, COMMISSIONER<br>1957 WESTMORELAND ST<br>RICHMOND, VA  23230-0000 | | | TAXING AUTHORITY | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |

| | | | |
|---|---|---|---|
| Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 4 of 4 | Subtotal<br>(Totals of this page) | $901.31 | $901.31 | $0.00 |

| | | |
|---|---|---|
| Total<br>(Use only on last page of the completed Schedule E. Report also on  the Summary of Schedules.) | $13,505.43 | |

| | | |
|---|---|---|
| Totals<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $901.31 | $0.00 |

In re:  IBCS MINING, INC.                        Case No.   14-61215

_____Debtor_____                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ADAMS & GARTH, INC. P.O. BOX 6506 CHARLOTTESVILLE, VA  22906 | | | TRADE PAYABLE | | | | $1,102.56 |
| ACCOUNT NO. | | | | | | | |
| ADT SECURITY SERVICES P.O. BOX 371956 PITTSBURGH, PA  15250-7967 | | | TRADE PAYABLE | | | | $149.24 |
| ACCOUNT NO. | | | | | | | |
| ALLIANCE CONSULTING, INC. P.O. BOX 1352 PRINCETON, WV  24740 | | | TRADE PAYABLE | | | | $980.00 |
| ACCOUNT NO. | | | | | | | |
| AMERICAN CRUSHERS & SCREENS, LLC P.O. BOX 708 SILER CITY, NC  27344 | | | EQUIPMENT | | | | $154,978.15 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 1 of 11

Subtotal      $157,209.95

In re:  IBCS MINING, INC. _____ Case No.  14-61215 _____
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> AMERICAN FACTORS CORP <br> ATTN: GEORGE <br> P.O. BOX 677517 <br> DALLAS, TX  75267-7517 | | | TRADE PAYABLE | | | | $8,003.00 |
| ACCOUNT NO. <br><br> AMERICAN FIRST AID <br> P.O. BOX 3035 <br> PIKEVILLE, KY  41502 | | | TRADE PAYABLE | | | | $982.27 |
| ACCOUNT NO. <br><br> APPALACHIAN BUILDING SERVICES <br> 9980 BENT BRANCH ROAD <br> PIKEVILLE, KY  41501 | | | EQUIPMENT | | | | $8,750.00 |
| ACCOUNT NO. <br><br> BAILEY KENNEDY, LLP <br> 8984 SPANISH RIDGE AVE <br> LAS VEGAS, NV  89148 | | | TRADE PAYABLE | | | | $4,596.25 |
| ACCOUNT NO. <br><br> BB&T BANK <br> BB&T ITEM PROCESSING CENTER <br> P.O. BOX 580048 <br> CHARLOTTE, NC  28258-0048 | | | CREDIT CARD | | | | $108,586.99 |
| ACCOUNT NO. <br><br> BEACON EQUIPMENT LEASING, LLC <br> ATTN: BETTY SMITH, CHIEF FINANCIAL OFFICER <br> 715 INDENNER DRIVE <br> KERNERSVILLE, NC  27284 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> BEACON EQUIPMENT LEASING, LLC <br> ATTN: BETTY SMITH, CHIEF FINANCIAL OFFICER <br> 715 INDENNER DRIVE <br> KERNERSVILLE, NC  27284 | | | TRADE PAYABLE | | | | $14,559.60 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 2 of 11

Subtotal      $145,478.11

In re:  IBCS MINING, INC. _____  Case No.   14-61215 _____
                              Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> BIRKHEAD ROSZAK FULTON ECHELBERGER, PLC 1928 ARLINGTON BLVD. SUITE 300 CHARLOTTESVILLE, VA  22903 | | | TRADE PAYABLE | | | | $358.75 |
| ACCOUNT NO. <br> BOWLES RICE MCDAVID GRAFF & LOVE LLP P.O. BOX 1386 CHARLESTON, WV  25325-1386 | | | LEGAL SERVICES | | | X | $47,905.74 |
| ACCOUNT NO. <br> BUSY BEE SEPTIC SYSTEMS 5258 ZEBULON HIGHWAY PIKEVILLE, KY  41501 | | | TRADE PAYABLE | | | | $180.20 |
| ACCOUNT NO. <br> CENTURY LINK P.O. BOX 4786 MONROE, LA  71211 | | | TRADE PAYABLE | | | | $1,553.48 |
| ACCOUNT NO. <br> CGS HOLDINGS, LLC 944 GLEN WOOD STATION LANE SUITE 104 CHARLOTTESVILLE, VA  22901 | | | TRADE PAYABLE | | | | $49,980.00 |
| ACCOUNT NO. <br> CONNIE SOULEYRETTE 393 BAYBERRY WAY CHARLOTTESVILLE, VA  22911 | | | EMPLOYEE ACCRUED VACATION | | X | | UNKNOWN |
| ACCOUNT NO. <br> CONTRACTING ENTERPRISE, INC. ATTN: MR. DANNY RIFE, PRESIDENT 9800 ORBY CANTRELL HWY P.O. BOX 1013 POUND, VA  24279 | | | TRADE PAYABLE | | | | $234,029.43 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 3 of 11

Subtotal        $334,007.60

In re:  IBCS MINING, INC. _____ Case No.   14-61215 _____
                              Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CT CORPORATION<br>P.O. BOX 4349<br>CAROL STREAM, IL  60197-4349 | | | TRADE PAYABLE | | | | $551.65 |
| ACCOUNT NO.<br><br>DOVE AND ASSOCIATES, P.C.<br>292 S. MAIN ST. SUITE 600<br>ALPHARETTA, GA  30004 | | | TRADE PAYABLE | | | | $20,025.00 |
| ACCOUNT NO.<br><br>DUANE MORRIS, LLP<br>ATTN: PAYMENT PROCESSING<br>30 SOUTH 17TH STREET<br>PHILADELPHIA, PA  19103-4196 | | | LEGAL SERVICES | | | X | $65,840.00 |
| ACCOUNT NO.<br><br>E AND I HOLDINGS, LLC<br>DAN STOLLINGS<br>122 WOODBRIDGE DRIVE<br>CHARLESTON, WV  25311 | | | COAL | | | | $55,914.72 |
| ACCOUNT NO.<br><br>EDMUND & YVONNE SCARBOROUGH<br>1921 FRAYS RIDGE CROSSING<br>EARLYSVILLE, VA  22936 | | | LOAN/EQUITY CONTRIBUTION | | | X | $64,361.11 |
| ACCOUNT NO.<br><br>EDMUND & YVONNE SCARBOROUGH<br>1921 FRAYS RIDGE CROSSING<br>EARLYSVILLE, VA  22936 | | | LOAN/EQUITY CONTRIBUTION | | | X | $17,200.00 |
| ACCOUNT NO.<br><br>ENVIRONMENTAL DESIGN CONSULTANTS<br>43 VILLAGE STREET<br>PIKEVILLE, KY  41501-3266 | | | TRADE PAYABLE | | | | $57,175.02 |
| ACCOUNT NO.<br><br>ERIEZ<br>2200 ASBURY ROAD<br>ERIE, PA  16506-1440 | | | EQUIPMENT | | | | $9,584.90 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 4 of 11

Subtotal           $290,652.40

In re:   IBCS MINING, INC.                                                        Case No.   14-61215
_____                      _____
                            Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> FIRST CITIZENS BANK <br> 2101 DOMINION DR <br> CHARLOTTESVILLE, VA  22901 | | | TRADE PAYABLE | | | | $51,762.08 |
| ACCOUNT NO. <br><br> HELIX COMPUTER SYSTEMS, INC. <br> 2401 HYDRAULIC ROAD <br> CHARLOTTESVILLE, VA  22901 | | | TRADE PAYABLE | | | | $407.17 |
| ACCOUNT NO. <br><br> HOLLAND & KNIGHT LLP <br> P.O. BOX 864084 <br> ORLANDO, FL  32886-4084 | | | LEGAL SERVICES | X | | | $430,867.48 |
| ACCOUNT NO. <br><br> HOLLAND CONTRACTING CORP. <br> C/O STEPHEN MARSO <br> WHITFIELD & EDDY, PLC <br> 317 SIXTH AVENUE, SUITE 1200 <br> DES MOINES, IA  50309 | X | | TRADE PAYABLE | X | | | $385,000.00 |
| ACCOUNT NO. <br><br> INTEGRATED ELECTRICAL SERVICES <br> C/O D. MITCHELL MCFARLAND <br> HARRISON BETTIS MCFARLAND LLP <br> 1415 LOUISIANA, 37TH FLOOR <br> HOUSTON, TX  77002 | X | | TRADE PAYABLE | X | | | UNKNOWN |
| ACCOUNT NO. <br><br> J&S COAL CONSULTING CO LLC <br> 49695 STATE HWY. 194 EAST <br> MAJESTIC, KY  41547 | | | COAL | | | | $86,576.59 |
| ACCOUNT NO. <br><br> JAMES RIVER EQUIPMENT <br> 98 EXPO ROAD <br> FISHERSVILLE, VA  22939 | | | RENTAL SERVICE AND PARTS | | | | $98,351.26 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 5 of 11

Subtotal        $1,052,964.58

In re:  IBCS MINING, INC.              Case No.   14-61215
_____
Debtor             (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> JOHN DEERE CONSTRUCTION & FORESTRY COMPANY <br> 6400 NW 86TH ST <br> P.O. BOX 6600 <br> JOHNSTON, IA  50131-6630 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br> JOHN OSTERBERG <br> 2415 WINFIELD DRIVE <br> KISSIMMEE, FL  34743 | | | EMPLOYEE ACCRUED VACATION | | X | | UNKNOWN |
| ACCOUNT NO. <br> KDS CONTRACTING <br> ATTN: ROBERT SKEANS, VICE PRESIDENT <br> P.O. BOX 832 <br> ALLEN, KY  41601 | | | TRADE PAYABLE | | | | $170,067.50 |
| ACCOUNT NO. <br> KENTUCKY EMPLOYERS MUTUAL INSURANCE CO. <br> P.O. BOX 12500 <br> LEXINGTON, KY  40583-2500 | | | TRADE PAYABLE | | | | $3,135.26 |
| ACCOUNT NO. <br> KEVIN SOULEYRETTE <br> 393 BAYBERRY WAY <br> CHARLOTTESVILLE, VA  22911 | | | EMPLOYEE ACCRUED VACATION AND EXPENSES REIMBURSEMENT | | X | | UNKNOWN |
| ACCOUNT NO. <br> LEBO COMMERCIAL PROPERTIES, INC. <br> 684 BERKMAR CIRCLE <br> CHARLOTTESVILLE, VA  22901 | | | TRADE PAYABLE | | | | $7,909.52 |
| ACCOUNT NO. <br> LEVINE & STIVERS, LLC <br> 245 EAST VIRGINIA STREET <br> TALLAHASSEE, FL  32301 | | | TRADE PAYABLE | | | | $880.00 |
| ACCOUNT NO. <br> LIBERTY MUTUAL INSURANCE <br> P.O. BOX 2051 <br> KEENE, NH  03431-7051 | | | TRADE PAYABLE | | | | $10,618.16 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 6 of 11

Subtotal     $192,610.44

In re:  IBCS MINING, INC.                  Case No.   14-61215
              Debtor                                     (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>LOGAN CORPORATION<br>20 MCJUNKIN ROAD<br>NITRO, WV  25143 | | | TRADE PAYABLE | | | | $9,427.30 |
| ACCOUNT NO.<br>MAYHORN'S INC.<br>7109 N. MAYO TRAIL<br>PIKEVILLE, KY  41501 | | | TRADE PAYABLE | | | | $1,406.98 |
| ACCOUNT NO.<br>MCLANAHAN CORPORATION<br>P.O. BOX 229<br>HOLIDAYSBURG, PA  16648 | | | EQUIPMENT | | | | $2,900.00 |
| ACCOUNT NO.<br>MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 | X | | TRADE PAYABLE | X | | | $385,000.00 |
| ACCOUNT NO.<br>MERIDIAN CAPITAL VENTURES, LLC<br>HSBC HOUSE, P.O. BOX 10315<br>68 WEST BAY ROAD<br>KY1-1003<br>GRAND CAYMAN | | | LOAN | | | | $38,939.56 |
| ACCOUNT NO.<br>MERVIN TACKETT DBA DOC'S TRANSPORT<br>P.O. BOX 325<br>KIMPER, KY  41539 | | | TRADE PAYABLE | | | | $3,800.00 |
| ACCOUNT NO.<br>METLIFE SBC<br>P.O. BOX 804466<br>KANSAS CITY, MO  64180-4466 | | | TRADE PAYABLE | | | | $928.77 |
| ACCOUNT NO.<br>MICHAEL COLVIN<br>3297 RIDGE ROAD<br>PALMYRA, VA  22963 | | | TRADE PAYABLE | | | | $137.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 7 of 11                        Subtotal      $442,539.61

In re:   IBCS MINING, INC.                                                    Case No.   14-61215
_____                                          _____
                    Debtor                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>MICHIE HAMLETT<br>P.O. BOX 298<br>CHARLOTTESVILLE, VA  22902 | | | LEGAL SERVICES | | | X | $65,420.03 |
| ACCOUNT NO.<br><br>MINERAL LABS, INC.<br>P.O. BOX 549<br>SALYERSVILLE, KY  41465 | | | TRADE PAYABLE | | | | $5,065.88 |
| ACCOUNT NO.<br><br>MOUNTAIN AGGREGATES, INC.<br>P.O. BOX 277103<br>ATLANTA, GA  30384 | | | TRADE PAYABLE | | | | $6,667.06 |
| ACCOUNT NO.<br><br>MOUNTAIN RECLAMATION & CONSTRUCTION, LLC<br>P.O. BOX 1091<br>PHELPS, KY  41553 | | | COAL | | | | $26,602.60 |
| ACCOUNT NO.<br><br>MR COAL MARKETING & TRADING, LLC<br>ATTN: LANCE MEYER<br>5 GREENWAY PLAZA, SUITE 810<br>HOUSTON, TX  77046 | | | COAL | | | | $97,131.16 |
| ACCOUNT NO.<br><br>NORSHIELD SECURITY PRODUCTS LLC<br>3224 MOBILE HIGHWAY<br>MONTGOMERY, AL  36108 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>OLIVER COAL SALES, INC.<br>P.O. BOX 1768<br>COEBURN, VA  24230 | | | COAL PURCHASE AND SALES AGREEMENT (IBCS GROUP) | | | X | UNKNOWN |
| ACCOUNT NO.<br><br>PIKEVILLE MEDICAL CENTER<br>911 BYPASS ROAD<br>PIKEVILLE, KY  41501 | | | TRADE PAYABLE | | | | $50.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 8 of 11

Subtotal            $200,936.73

In re:  IBCS MINING, INC. _____    Case No.    14-61215 _____
                          Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>POWER SCREEN MID-ATLANTIC, INC.<br>P.O. BOX 2505<br>KERNERSVILLE, NC  27285-2505 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>POWERSCREEN MID-ATLANTIC, INC.<br>P.O. BOX 2505<br>KERNERSVILLE, NC  27285-2505 | | | EQUIPMENT | | | | $56,282.53 |
| ACCOUNT NO.<br><br>RICHARD RODGERS<br>2130 LADERA DRIVE<br>LINCOLN, CA  95648 | | | TRADE PAYABLE | | | | $3,846.16 |
| ACCOUNT NO.<br><br>RIVER COUNTRY-LAKELAND-TEAM RENTALS<br>P.O. BOX 47<br>LOWES, KY  42061 | | | EQUIPMENT | | | | $2,363.65 |
| ACCOUNT NO.<br><br>ROBERT CRICK LAW FIRM PLLC<br>421 W. RIVERSIDE AVE., SUITE 1555<br>SPOKANE, WA  99201 | | | LEGAL SERVICES | | | X | $55,600.14 |
| ACCOUNT NO.<br><br>SAVAGE SERVICES, INC.<br>ATTN: EASTERN BUSINESS UNIT LEADER ENERGY & POWER PLANT SOLUTIONS GROUP<br>1400 JOHNSON AVENUE #2C<br>BRIDGEPORT, WV  26330 | | | TRADE PAYABLE | | | | UNKNOWN |
| ACCOUNT NO.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA<br>BOX 371468<br>PITTSBURGH, PA  15250-7468 | | | TRADE PAYABLE | | | | $1,470.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 9 of 11

Subtotal       $119,562.48

In re:  IBCS MINING, INC.                               Case No.   14-61215

                                        Debtor                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>SGS NORTH AMERICA INC.- MINERAL DIVISION<br>P.O. BOX 2502<br>CAROL STREAM, IL  60132-2502 | | | TRADE PAYABLE | | | | $808.00 |
| ACCOUNT NO.<br>SPECIALTY CHEMICALS OF KENTUCKY, INC.<br>79 MCCOY BOTTOM<br>PHELPS, KY  41553 | | | TRADE PAYABLE | | | | $2,844.75 |
| ACCOUNT NO.<br>SPRING CREEK ENERGY COMPANY, LLC<br>P.O. BOX 128<br>SUMMERSVILLE, WV  26651 | | | TRADE PAYABLE | | | | $4,251.25 |
| ACCOUNT NO.<br>STANDARD LABORATORIES, INC.<br>P.O. BOX 606<br>WHITESBURG, KY  41858 | | | TRADE PAYABLE | | | | $18,236.10 |
| ACCOUNT NO.<br>STRATTON LAW FIRMS<br>P.O. BOX 1530<br>PIKEVILLE, KY  41502 | | | LEGAL SERVICES | | | X | $850.00 |
| ACCOUNT NO.<br>SUMMIT ENGINEERING, INC.<br>131 SUMMIT DRIVE<br>PIKEVILLE, KY  41501 | | | TRADE PAYABLE | | | | $63,227.59 |
| ACCOUNT NO.<br>TRI STATE LABATORY SERVICE, LLC<br>131 SUMMIT DRIVE<br>PIKEVILLE, KY  41501 | | | TRADE PAYABLE | | | | $537.14 |
| ACCOUNT NO.<br>UNITED HEALTHCARE INSURANCE CO<br>DEPT CH 10151<br>PALATINE, IL  60055-0151 | | | TRADE PAYABLE | | | | $689.24 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 10 of 11

                                                      Subtotal       $91,444.07

In re:   IBCS MINING, INC.                                          Case No.    14-61215
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WELLS FARGO BANK NA<br>WF8113, P.O. BOX 1450<br>MINNEAPOLIS, MN  55485 | | | BANKING FEES | | | | $3,596.04 |
| ACCOUNT NO.<br><br>WILLIS OF TENNESSEE, INC.<br>P.O. BOX 905601<br>CHARLOTTE, NC  28290-5601 | | | INSURANCE | | | | $76,444.67 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 11 of 11

| | |
|---|---|
| Subtotal | $80,040.71 |

| | |
|---|---|
| Total | $3,107,446.68 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re:  IBCS MINING, INC.                                                           Case No.   14-61215
_____                                        _____
                    Debtor                                                                          (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ALLYSON-DELCOR, INC.<br>3301 STATE ROUTE 66<br>NEPTUNE, NJ  07753 | SECURITY AGREEMENT<br>CONTRACT# 131113 |
| AMERICAN CRUSHERS & SCREENS, LLC<br>1200 GREENSBORO AVE<br>SILER CITY, NC  27344 | RENTAL CONTRACT |
| APPALACHIAN BUILDING SERVICES<br>9980 BENT BRANCH ROAD<br>PIKEVILLE, KY  41501 | CONSTRUCTION CONTRACT<br>CONTRACT# 140103 |
| ART'S RENTAL EQUIPMENT & SUPPLY INC.<br>ATTN: DIANE STELTENKAMP, OFFICE MANAGER<br>215 EAST SIXTH STREET<br>NEWPORT, KY  41071 | PURCHASE AGREEMENT<br>CONTRACT# 120717 / CONTRACT # 02-364285-01 |
| ATLAS COPCO CUSTOMER FINANCE USA LLC<br>7 CAMPUS DRIVE<br>SUITE 200<br>PARSIPPANY, NJ  07054 | USA LOAN AND SECURITY AGREEMENT<br>CONTRACT# 121231 |
| BEACON EQUIPMENT LEASING, LLC<br>ATTN: BETTY SMITH, CHIEF FINANCIAL OFFICER<br>715 INDENNER DRIVE<br>KERNERSVILLE, NC  27284 | PURCHASE AGREEMENT<br>CONTRACT# 130930B |
| CEDAR HILL ENERGY<br>ATTN: DAVID C. AUDAS<br>212 UNION CHURCH ROAD<br>PENNINGTON GAP, VA  24277 | COAL TRANSPORTATION AGREEMENT<br>CONTRACT# 130924 |
| CGS HOLDINGS, INC.<br>ATTN: ED SCARBOROUGH<br>944 GLEN WOOD STATION LANE<br>SUITE 101<br>CHARLOTTESVILLE, VA  22901 | LEASE AGREEMENT<br>CONTRACT# 111219 |
| CHESAPEAKE APPALACHIA, LLC<br>ATTN: JAMES K. ARY, VICE PRESIDENT - LAND<br>P.O. BOX 6070<br>CHARLESTON, WV  25362-0070 | AGREEMENT - PIPELINE RELOCATION - SURFACE MINING<br>CONTRACT# 140416 / FILE NO. 2014-038 |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 1 of 6

In re:  IBCS MINING, INC.                                          Case No.   14-61215
_____                    _____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CONTRACTING ENTERPRISE, INC.<br>ATTN: MR. DANNY RIFE, PRESIDENT<br>9800 ORBY CANTRELL HWY<br>P.O. BOX 1013<br>POUND, VA  24279 | COAL TRANSPORTATION AGREEMENT<br>CONTRACT# 131030 |
| DTC ENGINEERS & CONSTRUCTORS, LLC<br>2321 WHITNEY AVENUE #201<br>HAMDEN, CT  06518 | SECURITY AGREEMENT<br>CONTRACT# 131113 |
| E AND I HOLDINGS, LLC<br>DAN STOLLINGS<br>122 WOODBRIDGE DRIVE<br>CHARLESTON, WV  25311 | COAL PURCHASE AND SALES AGREEMENT<br>CONTRACT# 130111 |
| FEDERAL INSURANCE COMPANY<br>15 MOUNTAINVIEW ROAD<br>WARREN, NJ  07059 | SECURITY AGREEMENT<br>CONTRACT# 131113 |
| HOLLAND CONTRACTING CORP.<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 | SETTLEMENT AND PAYMENT AGREEMENT DATED DECEMBER 19, 2013 |
| IBCS GROUP INC<br>944 GLEN WOOD STATION<br>SUITE 104<br>CHARLOTTESVILLE, VA  22901 | PROMISSORY NOTE<br>CONTRACT# 120612B |
| INTEGRATED ELECTRICAL SERVICES, INC.<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 | AMENDMENT TO COLLECTIVE FORBEARANCE AGREEMENT DATED MAY 2014 |
| INTEGRATED ELECTRICAL SERVICES, INC.<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 | AMENDMENT TO SETTLEMENT AGREEMENT WITH EFFECTIVE DATE OF AUGUST 8, 2012 |
| INTEGRATED ELECTRICAL SERVICES, INC.<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 | COLLECTION FORBEARANCE AGREEMENT WITH EFFECTIVE DATE OF JUNE 18, 2013 |
| INTEGRATED ELECTRICAL SERVICES, INC.<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 | SECOND AMENDMENT TO SETTLEMENT AGREEMENT WITH EFFECTIVE DATE OF AUGUST 12, 2012 |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 2 of 6

In re:  IBCS MINING, INC.                                                    Case No.    14-61215
_____                        _____
                    Debtor                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| J&S COAL CONSULTING CO LLC<br>49695 STATE HWY. 194 EAST<br>MAJESTIC, KY  41547 | MINING AGREEMENT<br>CONTRACT# 111128 / KENTUCKY DNREP PERMIT# 898-0820 |
| JAMES RIVER EQUIPMENT<br>98 EXPO ROAD<br>FISHERVILLE, VA  22939 | PURCHASE AGREEMENT<br>CONTRACT# 130408 |
| JAMES RIVER EQUIPMENT<br>98 EXPO ROAD<br>FISHERVILLE, VA  22939 | RENTAL AGREEMENT<br>CONTRACT# 130624 |
| JAMES RIVER EQUIPMENT<br>98 EXPO ROAD<br>FISHERVILLE, VA  22939 | RENTAL AGREEMENT<br>CONTRACT# 130114 |
| KDS CONTRACTING<br>ATTN: ROBERT SKEANS, VICE PRESIDENT<br>P.O. BOX 832<br>ALLEN, KY  41601 | SERVICES AGREEMENT<br>CONTRACT# 120802 |
| KEVIN SOULEYRETTE<br>393 BAYBERRY WAY<br>CHARLOTTESVILLE, VA  22911 | EMPLOYMENT AGREEMENT - VERBAL |
| LIVINGSTON ENERGY, LLC<br>210 VIRGINIA AVE SUITE 2<br>SOUTH WILLIAMSON, KY  41503 | ENGAGEMENT AGREEMENT<br>CONTRACT# 140206 |
| MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 | SETTLEMENT AND PAYMENT AGREEMENT DATED DECEMBER 19, 2013 |
| MERIDIAN SEZC<br>ATTN: JOHN GERACI, PARTNER<br>HSBC HOUSE, P.O. BOX 10315<br>68 WEST BAY ROAD<br>KY1-1003<br>GRAND CAYMAN | ENGAGEMENT AGREEMENT<br>CONTRACT# 140106 |
| MONTGOMERY STREET FINANCIAL SERVICES, LLC<br>ATTN: RICHARD A. RODGERS, MANAGING DIRECTOR<br>ONE SANSOME STREET<br>SUITE 3500<br>SAN FRANCISCO, CA  94104 | ENGAGEMENT AGREEMENT<br>CONTRACT# 131125 |
| MR COAL MARKETING & TRADING, LLC<br>ATTN: LANCE MEYER<br>5 GREENWAY PLAZA, SUITE 810<br>HOUSTON, TX  77046 | AMENDED AND RESTATED CONTRACT<br>CONTRACT# 130521 / TRADE ID# 1761740 |

In re:  IBCS MINING, INC.                                          Case No.   14-61215
_____                          _____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| OLD HICKORY BUILDINGS<br>P.O. BOX 331973<br>MURFREESBORO, TN  37133 | SALES AGREEMENT (IBCS MINING CORP)<br>CONTRACT# 121207 |
| OLIVER COAL SALES, INC.<br>P.O. BOX 1768<br>COE BURN, VA  24230 | COAL PURCHASE AGREEMENT DATED AUGUST 16, 2012 |
| OLIVER COAL SALES, INC.<br>P.O. BOX 1768<br>COEBURN, VA  24230 | COAL PURCHASE AND SALES AGREEMENT (IBCS GROUP)<br>F# 276-679-5264 |
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP.<br>ATTN: JULIE A. JONES, ASST. VICE PRESIDENT<br>1300 POST OAK BLVD<br>STE 1300<br>HOUSTON, TX  77056 | RIDER TO PROMISSORY NOTE<br>CONTRACT# 130925 |
| POWERSCREEN MID-ATLANTIC, INC.<br>ATTN: BETTY SMITH, CHIEF FINANCIAL OFFICER<br>715 INDENEER DRIVE<br>KERNERSVILLE, NC  27284 | PURCHASE AGREEMENT<br>CONTRACT# 130930A |
| RUSSELL CREEK REPAIR, INC.<br>5741 CRANES NEST RD<br>COEBURN, VA  24230 | LEASE AGREEMENT<br>CONTRACT# 20130410120907948 |
| RUSSELL CREEK REPAIR, INC.<br>ATTN: ERIC KIP PARSONS<br>P.O. BOX 398<br>CASTLEWOOD, VA  24224 | LEASE AGREEMENT<br>CONTRACT# 20130410120907948 |
| SAVAGE SERVICE CORPORATION<br>ATTN: EASTERN BUSINESS UNIT LEADER<br>ENERGY & POWER PLANT SOLUTIONS GROUP<br>1400 JOHNSON AVENUE #2C<br>BRIDGEPORT, WV  26330 | FORBEARANCE AGREEMENT DATED MAY 2014 |
| SAVAGE SERVICES CORPORATION<br>ATTN: EASTERN BUSINESS UNIT LEADER<br>ENERGY & POWER PLANT SOLUTIONS GROUP<br>1400 JOHNSON AVENUE #2C<br>BRIDGEPORT, WV  26330 | TRANSPORTATION AGREEMENT<br>CONTRACT # 120413 |
| SOTACO INC<br>ATTN: RAINER TRIEM, CEO<br>340 QUEENS ROAD<br>HONG KONG<br>CHINA | AMENDMENT<br>CONTRACT# 140401 |
| SPRING CREEK ENERGY COMPANY, LLC<br>800 MAIN STREET<br>SUMMERSVILLE, WV  26651 | ENGAGEMENT AGREEMENT<br>CONTRACT# 140116B |

In re:  IBCS MINING, INC.                                                    Case No.   14-61215
_____                                          _____
                    Debtor                                                         (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| THE DANIELS COMPANY, INC<br>ATTN: SURENDRA M. JAIN, P.E., PRESIDENT<br>238 MARKELL DRIVE<br>BLUEFIELD, WV  24701 | DESIGN/BUILD CONTRACT<br>CONTRACT# 140430 / PROJECT NO. 3686 |
| TMK SECURITY<br>ATTN: GEORGE KING, MANAGER<br>P.O. BOX 240<br>DELBARTON, WV  25670 | ENGAGEMENT AGREEMENT<br>CONTRACT# 140116A |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 1 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0414"<br>CONTRACT# 120612A / VCHEC-IBCS-GOS0.86-T-0414 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 1 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0517 # 1033"<br>CONTRACT# 130717 / VCHEC-IBCS-GOS0.86-T-0517 # 1033 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 2 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0414"<br>CONTRACT# 120709 / VCHEC-IBCS-GOS0.86-T-0414 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 2 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0517"<br>CONTRACT# 131120A / VCHEC-IBCS-GOS0.86-T-0517 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 3 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0414"<br>CONTRACT# 120730 / VCHEC-IBCS-GOS0.86-T-0414 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 4 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0414"<br>CONTRACT# 121018 / VCHEC-IBCS-GOS0.86-T-0414 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | AMENDMENT NO. 5 TO CONFIRMATION "VCHEC-IBCS-GOS0.86-T-0414"<br>CONTRACT# 121120 / VCHEC-IBCS-GOS0.86-T-0414 |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | MASTER COAL PURCHASE AND SALE AGREEMENT DATED SEPTEMBER 23, 2011, AS LATER AMENDED |
| VIRGINIA ELECTRIC AND POWER COMPANY<br>ATTN: BEN BAUGHAN<br>120 TREDEGAR STREET - DC3<br>RICHMOND, VA  23219 | MASTER COAL PURHCASE AND SALE AGREEMENT<br>CONTRACT# 130503B / EXHIBIT A-4 |

In re:  IBCS MINING, INC.            Case No.  14-61215
             Debtor                      (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY ATTN: BEN BAUGHAN 120 TREDEGAR STREET - DC3 RICHMOND, VA  23219 | MASTER COAL PURHCASE AND SALE AGREEMENT CONTRACT# 130503A / EXHIBIT A-4 |
| VIRGINIA ELECTRIC AND POWER COMPANY ATTN: BEN BAUGHAN 120 TREDEGAR STREET - DC3 RICHMOND, VA  23219 | OPTION EXERCISE FOR CONFIRMATION VCHEC-IBCS-G0S0.86-T-0517 CONTRACT# 131016 |
| VIRGINIA ELECTRIC AND POWER COMPANY ATTN: BEN BAUGHAN 120 TREDEGAR STREET - DC3 RICHMOND, VA  23219 | TERMINATION OF CONFIRMATION IBCS-NS-B51.60-7-1214 #1039 CONTRACT# 131120B / IBCS-NS-B51.60-T-1214 #1039 |
| WILLIAMS BROTHERS MINING 258 CANTRELL ROAD MOUTHCARD, KY  41548 | COAL PURCHASE AND SALES AGREEMENT CONTRACT# 130506 |

Schedule of Executory Contracts and Unexpired Leases -
Sheet no. 6 of 6

In re:   IBCS MINING, INC.                                                                    Case No.   14-61215
_____                                        _____
                        Debtor                                                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| EDMUND SCARBOROUGH<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | HOLLAND CONTRACTING CORP.<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| IBCS FIDELITY, INC.<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | HOLLAND CONTRACTING CORP.<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| IBCS GROUP, INC.<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | HOLLAND CONTRACTING CORP.<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| SCARBOROUGH BOND AND GUARANTEE PROGRAM<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | HOLLAND CONTRACTING CORP.<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| EDMUND SCARBOROUGH<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | INTEGRATED ELECTRICAL SERVICES<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 |
| IBCS GROUP, INC.<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | INTEGRATED ELECTRICAL SERVICES<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 |
| IBCS MINING INC., KENTUCKY DIVISION<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | INTEGRATED ELECTRICAL SERVICES<br>C/O D. MITCHELL MCFARLAND<br>HARRISON BETTIS MCFARLAND LLP<br>1415 LOUISIANA, 37TH FLOOR<br>HOUSTON, TX  77002 |
| EDMUND SCARBOROUGH<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |

Schedule of Codebtors -
Sheet no. 1 of 2

In re:   IBCS MINING, INC.                                          Case No.   14-61215
_____            _____
                          Debtor                                            (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| IBCS FIDELITY, INC.<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| IBCS GROUP, INC.<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |
| SCARBOROUGH BOND AND GUARANTEE PROGRAM<br>944 GLEN WOOD STATION LANE, SUITE 101<br>CHARLOTTESVILLE, VA 22901 | MERCHANTS BONDING COMPANY<br>C/O STEPHEN MARSO<br>WHITFIELD & EDDY, PLC<br>317 SIXTH AVENUE, SUITE 1200<br>DES MOINES, IA  50309 |

Schedule of Codebtors -
Sheet no. 2 of 2

In re:  IBCS MINING, INC. _____     Case No.  14-61215 _____
                        Debtor                                                (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, David Stetson, the Chief Restructuring Officer of IBCS Mining, Inc. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 33 sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date  August 11, 2014 _____        Signature /s/ David Stetson _____

                                      David Stetson _____
                                      [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.